**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT BRUMETT,

    Petitioner,

    v.

ANTHONY P. KANE, Warden,

    Respondent.
_____/

ARNOLD SCHWARZENEGGER, Governor, BOARD OF PAROLE HEARINGS,

    Real Parties in Interest
_____/

No. C 04-05423 JSW

**ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION TO DISMISS FOR STATUTE OF LIMITATIONS VIOLATION AND ORDER DENYING MOTION TO DISMISS**

This matter comes before the Court upon consideration of the Motion for Leave to File a Motion to Dismiss for Statute of Limitations Violation and the Motion to Dismiss for Statute of Limitations Violation filed by Respondent. Petitioner has opposed both motions. Having considered the parties' pleadings and relevant legal authority, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, the Court GRANTS the motion for leave to file and DENIES the motion to dismiss.

//

//

//

**BACKGROUND**

On December 23, 2004, Petitioner filed his original petition for habeas corpus in this Court, in which he challenges a decision by the Board of Parole Hearings to deny him parole (the "Original Petition"). (Docket No. 1.) On February 25, 2005, the Court issued an Order to Show Cause as to why the petition should not be granted. (Docket No. 5.)

On June 2, 2005, Respondent filed his first motion to dismiss, in which he argued that the petition should be dismissed because Petitioner failed adequately to state a basis for federal jurisdiction. (Docket No. 11.) In response, on July 5, 2005, Petitioner filed a First Amended Petition for a Writ of Habeas Corpus. (Docket No. 12.)

On November 28, 2005, Respondent filed his second motion to dismiss, in which he argued that Petitioner had no liberty interest in parole, and thus the Court did not have subject matter jurisdiction over the claims. Respondent also argued that Petitioner had not exhausted certain claims. (Docket No. 19.) On September 27, 2006, the Court granted Respondent's motion to dismiss on the basis of exhaustion. (Docket No. 29.) In that Order, the Court directed Petitioner to either file an amended petition, which would contain only those claims that had been exhausted, or dismiss the petition and, if possible, re-file after he had exhausted all claims. (*Id.*) Petitioner chose to pursue only those claims that had been exhausted and, accordingly, on October 4, 2006, filed his Second Amended Petition for Writ of Habeas Corpus (the "Second Amended Petition"). (Docket Nos. 31, 33.)

On November 1, 2006, the Court issued an Order to Show Cause why the Second Amended Petition should not be granted. (Docket No. 34.) On January 3, 2007, Respondent filed the instant motions raising, for the first time, the statute of limitations as a bar to relief. The Court shall address additional facts pertinent to these motions in its analysis.

**ANALYSIS**

**A.    Legal Standards.**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner seeking federal habeas relief must file his or her petition within a one year statute of limitations period. This one year limitations period runs from:

2

the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

...

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A), (D).[1]

AEDPA also provides, however, that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...." *Id.* § 2244(d)(2). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 126 S.Ct. 846, 849 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)) (emphasis in original).

Under California law, "the equivalent of a notice of appeal [for collateral review] is timely if filed within a 'reasonable time.'" *Id.* (quoting *In re Harris*, 5 Cal. 4th 813, 828, n.7 (1993).) Thus, to evaluate a statute of limitations defense and to evaluate whether time should be tolled, a federal habeas court must determine whether the time period that has elapsed between an adverse determination and the filing of an appeal is reasonable. *Id.*, 126 S.Ct. at 850.

**B.     Respondent's Motion for Leave to File the Motion to Dismiss is Granted.**

As a threshold matter, the Court must address Respondent's motion for leave to file its third motion to be dismiss. The statute of limitations defense is not jurisdictional and, in certain instances, it can be waived. *See, e.g., Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1680, 1681 (2006); *Chaker v. Crogan*, 428 F.3d 1215, 1220 (9th Cir. 2005) (noting that state may waive defense if it fails to raise it in an answer).

---

[1] Subsections (B) and (C) do not apply in this case.

3

1   Although the Court is concerned that Respondent did not raise this issue in a more
2   timely fashion, in light of the Court's decision on the merits, the Court does not address the
3   question of whether Respondent waived the defense in this case. Accordingly, the Court
4   GRANTS the motion for leave to file the motion to dismiss.

5   **C.     Respondent's Motion to Dismiss Shall Be Denied.**

6   Petitioner is challenging the Board's decision to deny him parole. Accordingly, 28
7   U.S.C. § (d)(1)(D) applies, and the statute of limitations began to run when Petitioner was on
8   notice of the fact that the Board of Parole Hearings had denied his administrative appeal. *See*
9   *Redd v. McGrath*, 343 F.3d 1077, 1085 (9th Cir. 2003).

10  The record in this case shows that Petitioner's administrative appeal was denied on May
11  6, 2003. (Resp. Ex. 2.) Thus, the statute of limitations began to run on May 7, 2003, and
12  Petitioner would have one year from that date to file his federal habeas petition, unless any time
13  between May 7, 2003 and December 23, 2004 can be tolled. Petitioner argues that he did not
14  receive notice of the decision on May 6, 2003. Petitioner has not presented any evidence to
15  contravene Respondent's assertion that May 7, 2003 is the date on which the statute of
16  limitations began to run. Even if the statute of limitations began to run later than May 7, 2003,
17  it would not alter the Court's conclusion that the Original Petition was filed within the statute of
18  limitations period. Accordingly, the Court presumes that May 7, 2003 is the date on which the
19  limitations period began to run.

20  Petitioner filed his first state habeas petition in California Superior Court on August 1,
21  2003. Thus, at that time, 87 days had elapsed on the statute of limitations and 278 days
22  remained. The Superior Court denied the petition on August 14, 2003. Petitioner filed his
23  petition with the California Court of Appeal on April 1, 2004, approximately 231 days later.
24  Respondent argues that this was not a "reasonable time," under California law and that this
25  period should not be tolled. The Court agrees.

26  In *Chavis*, the Court attempted to determine whether a delay of six months could be
27  considered a "reasonable time," under California law. The Supreme Court concluded that "[s]ix
28  months is far longer than the 'short periods of time,' 30 to 60 days, that most States provide for

4

filing an appeal." *Chavis*, 126 S.Ct. at 854 (citations and internal brackets omitted). "It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Id.* The Court concluded that the six-month delay could not be considered reasonable under California law. *Id.* If six months, or 180 days, is not reasonable, this Court cannot conclude that the 231 delay in this case could be considered reasonable. Accordingly, that time shall not be tolled. *See, e.g., Gaston v. Palmer*, 447 F.3d 1165, 1166 (9th Cir. 2006) (gaps of 15 months, 18 months, and 10 months unreasonable). Excluding this time, and the 87 days that elapsed between the denial of the administrative appeal and the filing of the Superior Court petition, 47 days remained on the statute of limitations period as of April 1, 2004.

Respondent argues that the California Court of Appeal denied the petition on May 20, 2004. Respondent also argues because Petitioner did not file a petition with the California Supreme Court until September 20, 2004, the Supreme Court petition also was not filed within a "reasonable time." Thus, Respondent concludes that the 123 days that elapsed between May 20, 2004 and September 20, 2004 should not be tolled. However, the Court of Appeal's Order dated May 20, 2004 states that it denied the petition because it was procedurally defective. (Resp. Ex. 5.) Petitioner attempted to remedy that defect by filing a new petition on July 19, 2004. (*See* Resp. Ex. 9.) On September 9, 2004, the Court of Appeal issued a further Order in which it denied the July 19, 2004 petition on the ground that it was procedurally defective and in which it also denied the petition on the merits. (*Id.*)

Respondent argues that the petition filed on July 19, 2004 began a second and discrete round of appellate collateral review. The record suggests that July 19, 2004 petition presented no new issues and merely was submitted to rectify the procedural defects. (*See* Mot. at 4:17-20 ("... Brummet allegedly filed a motion for reconsideration, which the appellate court returned unprocessed and notified Brummet that he could file another petition including the documents he omitted from his first petition.") (citing Original Petition, Appendix A, Exs. F-G.) As such, the Court concludes that Brummet was not pursuing a separate round of collateral review when he filed the second appellate petition, and concludes that the clock began to run again on

1  September 9, 2004.  *See, e.g., Gaston*, 447 F.3d at1166 (unrelated state-law claims are
2  disregarded for tolling purposes).

3  Petitioner filed his petition with the California Supreme Court on September 20, 2004,
4  11 days after the Court of Appeal issued its decision.  That time period is reasonable under
5  *Chavis* and Ninth Circuit precedent and, therefore, that time is tolled.  The California Supreme
6  Court denied the petition on December 1, 2004, and Petitioner filed his Original Petition in this
7  Court on December 23, 2004, 22 days later.  Because at least 25 days remained on the statute of
8  limitations period at the time the Original Petition was filed, it was filed within AEDPA's one-
9  year limitation period.  Respondent's motion is DENIED.

## CONCLUSION

For the foregoing reasons, the motion for leave to file a motion to dismiss is GRANTED, and the motion to dismiss is DENIED.  Respondent shall file his answer by August 3, 2007.  The Court also notes that it shall not entertain any further motions to dismiss.

**IT IS SO ORDERED.**

Dated: July 3, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE